DAVID AIKIN and others *v.* JOHN FREELAND and others.

Damages cannot be allowed, under art. 907 of the Code of Practice, for the delay consequent on an appeal, unless prayed for by the appellee.

APPEAL from the Commercial Court of New Orleans, *Watts,* J.

This case was submitted without argument, on an agreement waiving the prayer for damages, by *Peyton* and *J. W. Smith,* for the plaintiffs, *C. M. Jones,* for Freeland, and *L. Peirce,* for the other defendants.

MORPHY, J. The defendants are sued, *in solido,* for two instalments of ground rent, due to the petitioners, for certain lots forming the corner of Notre Dame and Magazine streets, in the city of New Orleans. It is averred in the petition, and proved by the notarial deeds attached to it, that John Freeland purchased the lease of these lots, on the 22d of May, 1835, from the estate of M. De Acebo, and, as a part of the price thereof, assumed, in the place and stead of the deceased, to pay to the plaintiffs the ground rent due on them by the latter, at the rate of one thousand dollars a year, payable semi-annually; that on the 27th of April, 1836,

---

*Act of 13th March, 1827.

William L. Hodge purchased from Freeland, the lease of the same property, and, for part of the price, agreed to assume the payment of this ground rent, as had been done, by Freeland, and that on the 23d of July, 1838, at a sheriff's sale, Andrew Hodge purchased the lease of the same property, subject to the ground rent, that he still holds it and has regularly paid the rent, except the two last instalments, amounting to one thousand dollars. W. L. and A. Hodge pleaded the general issue. Freeland admitted his indebtedness, but alleged the assumption of his debt by his co-defendants, and prayed that they might be cited in warranty, and that he might have judgment against them, for such amount as he should himself be decreed to pay.

There was a judgment below, *in solido*, against the defendants; and judgment, in favor of Freeland, against his co-defendants, as prayed for.

As no defence appears to have been attempted in the inferior court, and as no points have been made here, we would, without hesitation, have allowed the damages prayed for by the appellees, as for a frivolous appeal, were it not, that by the agreement by which the parties have submitted the case to our decision, the prayer for damages has been withdrawn. Under article 907 of the Code of Practice, we are not to award damages for a frivolous appeal, unless demanded by the appellee.

*Judgment affirmed.*